Stoutimore v. The Chicago, M. & St. P. Ry. Co.

WM. H. STOUTIMORE, Respondent, v. THE CHICAGO,
MILWAUKEE AND ST. PAUL RAILWAY
COMPANY, Appellant.

### Kansas City Court of Appeals, February 17, 1890.

Railroads: KILLING STOCK: RELEASE.  A release in a right-of-way
deed to a railroad company, which "hereby releases' all damages
and claims thereto to all his [ the grantor's ] other lands by
reason of, or occasioned by, the location, construction and opera-
tion of a railway over and upon the premises hereby conveyed,"
does not constitute a defense to an action by the grantor for dam-
ages for killing stock occasioned by the failure to build the fence
required by the statute.

*Appeal from the Caldwell Circuit Court.*—HON. J. M.
DAVIS, Judge.

AFFIRMED.

*E. J. Broaddus*, for the appellant.

A construction of the following words in the
respondent's right-of-way deed is the matter in issue for
this court to determine.  The words "and he hereby
releases all damages and claims thereto to all his other
lands by reason of, or occasioned by, the location, con-
struction and operation of a railway over and upon the
premises hereby conveyed," means something, and was
inserted in the deed for a purpose.  The mere convey-
ance of a strip one hundred feet wide, over respondent's
land, carried with it a quietus for all damages that the
mere location of a railroad, so far as it was an injury to
his farm, was concerned.  The destruction of respond-
ent's growing crops was a damage to the land itself.
And this damage was occasioned by the entry of appel-
lant upon the respondent's enclosed fields, which entry

Stoutimore v. The Chicago, M. & St. P. Ry. Co.

consisted in breaking his close, which was unavoidable in constructing the railroad. It necessarily follows that the injury, for which damages are claimed, grew out of the construction of the railroad of the appellant, and as such is within the contemplation of the parties, and a reasonable construction of the language quoted above. It is true that the statute required the appellant to fence its track, but it was competent for the respondent to waive all damages to his land occasioned by a failure of the appellant to so fence. This court held in *Summers v. Railroad*, 29 Mo. App. 47: "That the obligation to fence * * * is enacted for the benefit of adjoining proprietors only, and not for the benefit of strangers." It is a duty which the railroad owes to the adjoining proprietor, therefore it is competent for him as such for a consideration to waive the performance of that duty upon the part of the railroad company.

*William A. Wood*, for the respondent.

The statute (section 809, Revised Statutes) under which plaintiff sued, and which it is the contention of the appellant that plaintiff waived by the clause in the right-of-way deed, is a penal statute (*Summers v. Railroad*, 29 Mo. App. 41-7; *Smith v. Railroad*, 15 Mo. App. 113-16; *Parish v. Railroad*, 63 Mo. 286-7), founded on public policy and an express waiver of it would have been inoperative. *White, Adm'r, v. Ins. Co.*, U. S. Cir. Ct. W. D. Mo.; 4 Dillon C. C. Rep. 117; s. c., 5 Reporter (Boston) 39 ; Maxwell on Stat. 348 ; *Tombs v. Railroad*, 18 Barb. 583; Sedgwick on Stat. and Const. Law, 109.

ELLISON, J.—This action is for double damages under section 809, Revised Statutes, 1879 ; the charge being that, by reason of defendant's failure to fence its road, cattle got upon plaintiff's fields and destroyed his growing crops. The judgment was for plaintiff and defendant appeals.

The only defense interposed was that plaintiff had by deed granted to defendant a right of way through his lands, in which deed there appeared the following: "And William H. Stoutimore hereby covenants that he will forever warrant and defend the title to the premises hereby conveyed, against the lawful claims of all persons whomsoever, and he hereby releases all damages and claims thereto to all his other lands by reason of, or occasioned by, the location, construction and operation of a railway over and upon the premises hereby conveyed."

We do not consider that the terms of this release meet the damages suffered by the plaintiff. The damages alleged here were not "occasioned by the location, construction and operation of" the railway over plaintiff's premises.

Such damages were occasioned by the failure to build the fence required by statute. The occasion or primary cause of the damages, in the sense of the statute under which the suit is brought, was the failure to erect cattle-guards and fences.

The judgment is affirmed. All concur.